J-A04024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN M. MACARTHUR, | |
| Appellant | No. 293 WDA 2015 |

Appeal from the Judgment of Sentence Entered January 21, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0002499-2014

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and SHOGAN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MARCH 30, 2016**

Appellant, John M. MacArthur, appeals *pro se* from the judgment of sentence of a $300.00 fine, imposed following his conviction for the summary offense of scattering rubbish, 18 Pa.C.S. § 6501(a)(1) (hereinafter, "littering").  The issues in this appeal evolved out of the citing officer's failure to list his own badge number on the littering citation, and that officer's subsequent effort(s) to amend the citation to correct that error.  Appellant claims, *inter alia*, that the amending of the citation violated his due process rights.  After careful review, we affirm.

Appellant was initially convicted of littering before a magistrate, and then again at a *de novo* hearing held before the summary appeals court.  The summary appeals court summarized the pertinent facts giving rise to the instant appeal as follows:

At the *de novo* hearing, Officer Matthew Lucas, a Sergeant with the Bellevue Borough Police Department, testified that on August 16, 2014, the Chief of the Bellevue Borough Police Department assigned him to a plain-clothes detail on Lincoln Avenue for the purpose of enforcing the anti-littering statute. Officer Lucas testified that he observed [Appellant] as he walked past him in the early afternoon on August 16, 2015. As [Appellant] walked toward a pharmacy entrance, he turned and threw his cigarette onto the street.

Officer Lucas stopped [Appellant] and identified himself. The Officer then requested a second officer at the location. Officer Dunker responded and Officer Lucas issued a Citation to [Appellant]. Officer Lucas used Officer Dunker's laptop computer to issue the Citation and print it and hand it to [Appellant].

[Appellant] did not deny that he threw the cigarette butt on the street and that Officer Lucas observed him while he did it. Instead, [Appellant] argued that the Citation was defective and, therefore, prejudiced him in some way. He failed to explain the nature or effect of the alleged prejudice.

The "defect" in the Citation issued to [Appellant] on August 16, 2014, concerned the badge number typed on the Citation. Officer Lucas requested permission from the Court to amend the Citation which bore the badge number of Officer Dun[ker] (31) to Officer Lucas's badge number (18). He explained that the mistake was due to a clerical error. Officer Lucas testified that he was the officer who stopped [Appellant], introduced himself and issued the Citation to [Appellant]. [Appellant] also testified that Officer Lucas was the officer who stopped him and issued the Citation.

Officer Lucas explained the error on the original Citation:

When I called Officer Dunker down to my location I actually used his laptop because I was on plain-clothes detail and I didn't have access to one. So when I called the detail officer down, Officer Dunker arrived. I used his log-in, just to try to respect [Appellant]'s time and not tie him up for any longer than I needed to. And when I printed the citation, it defaulted to Officer Dunker's badge number. That's how that clerical error occurred.

Officer Lucas also testified that he amended the Citation at the hearing before the Magisterial District Court prior to testimony but while [Appellant] was present.

Summary Appeals Court Opinion (SACO), 4/27/15, at 1-3 (citations to the record omitted).

As noted above, Appellant was cited on August 16, 2014, and appeared before a magistrate. The magistrate found Appellant guilty of littering. Appellant filed a timely summary appeal, which was heard at a *de novo* hearing before the Honorable Robert A. Gallo of the Summary Appeals Division of the Court of Common Pleas of Allegheny County. Following the hearing, Judge Gallo found Appellant guilty and imposed a $300.00 fine.

Appellant filed a timely notice of appeal. He also filed a timely, court-ordered Pa.R.A.P. 1925(b) statement. Judge Gallo issued a Rule 1925(a) opinion on April 27, 2015. Appellant is *pro se*.

In his brief, Appellant presents the following questions for our review:

[1.] Is [A]ppellant entitled to reversal of the Summary Appeal Trial Court's verdict or a new trial because the erroneous conclusion the Summary Appeal Trial Court made of the citation['s] having been amended on August 19, 2014 violated both [A]ppellant's Procedural Due Process rights under the 5th and 14th Amendments to the United States Constitution, and codified at Commonwealth of Pennsylvania Constitution Article I, Sections §1, §9 and § 10, and because the prosecution is unable to show that the error in concluding that the citation was amended on August 19, 2014 was harmless beyond a reasonable doubt?

[2.] Is [A]ppellant entitled to a reversal of the Summary Appeal Trial Court's verdict or a new trial because [A]ppellant provided the Summary Appeal Trial Court with evidence of improper and prejudicial *ex parte* communication had occurred before the September 29, 2014 Magisterial District Court hearing?

[3.] Is the sufficiency of the evidence supportive of the Summary Appeal Court's finding that the Commonwealth established by clear and convincing evidence that [A]ppellant should be found guilty of violating [18 Pa.C.S. § 6501(a)(1)]?

Appellant's Brief at 2 (citations omitted).

> Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence. ***Commonwealth v. Lutes***, 793 A.2d 949 (Pa. Super. 2002). "The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Parks***, 768 A.2d 1168, 1171 (Pa. Super. 2001).

***Commonwealth v. Marizzaldi***, 814 A.2d 249, 251 (Pa. Super. 2002).

Appellant's first two claims concern the matter of Officer Lucas' amendment of the citation to reflect his own badge number. Essentially, Appellant contends the citation amendment was conducted *ex parte* before the magistrate, thereby violating his state and federal due process rights. Despite obvious and numerous defects in Appellant's brief,[1] we will address this matter.

_____

[1] The defects in the form of Appellant's *pro se* brief are too numerous to list. Most noticeable, however, is that the "Argument" section of Appellant's brief contains virtually no arguments, but instead merely summarily states three reasons why Appellant believes himself to be entitled to relief, without any reference to the record or citation to any pertinent legal authorities. ***See*** Appellant's Brief at 14; ***see also*** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Nevertheless, Appellant does provide such arguments, references to the record, and citation to ostensibly relevant legal authorities in the "Relevant Procedural
*(Footnote Continued Next Page)*

The summary appeals court concluded that Appellant failed to substantiate that *ex parte* communications occurred. SACO, at 3 ("[Appellant] fails to set forth any factual basis for such an averment. He also fails to show the substance of such communications, how or where they took place[,] or the parties involved."). In any event, the court also concluded that Appellant failed to demonstrate that he was prejudiced by the substance or manner of Officer Lucas' amendment.

We find it unnecessary to address the merits of whether a due process violation occurred because, even assuming the amendment to the littering citation violated some principle of due process, we agree with the summary appeals court that Appellant has failed to demonstrate that he was prejudiced by it.

Our rules of criminal procedure provide that:

> A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, unless the defendant raises the defect before the conclusion of the trial in a summary case or before the conclusion of the preliminary hearing in a court case, *and the defect is prejudicial to the rights of the defendant*.

Pa.R.Crim.P. 109 (emphasis added).

*(Footnote Continued)* —————————————

History" portion of his brief. *Id.* at 4-13. Despite the Commonwealth's arguments that we should deem Appellant's claims waived due to these defects, **see** Commonwealth's Brief at 14, we decline to do so, as the defects do not substantially impair our ability to address Appellant's claims.

At the summary appeal hearing, Appellant did not contest whether Officer Lucas issued the citation to him on August 16, 2014:

> THE COURT: Okay. Now let me ask you this, sir. Did you know – you saw Officer Lucas on the street?
>
> [Appellant]: I didn't know who he was.
>
> THE COURT: But you saw him there?
>
> [Appellant]: Well, I saw a young man --
>
> THE COURT: Yeah.
>
> [Appellant]: -- leaning against the wall.
>
> THE COURT: Okay. Now, are you saying it was or wasn't Officer Lucas?
>
> [Appellant]: You know what? I don't – it was a while ago. He says he might have had sunglasses, maybe not.
>
> THE COURT: Okay. Sir, just answer the question. Did you or did you not see him?
>
> [Appellant]: I saw a young man --
>
> THE COURT: Okay.
>
> [Appellant]: -- who I later learned was Sergeant Lucas.
>
> THE COURT: Yes, he introduced himself, he was Sergeant Lucas.
>
> [Appellant]: Yes, sir.

N.T., 1/21/15, at 32-33.

Given Appellant's admission, we cannot comprehend how he was prejudiced by the manner in which the citation was amended to reflect an effectively undisputed fact. If it is not critical to Appellant's defense(s) to the citation whether Officer Lucas was the officer who observed the violation and issued the citation, then the manner in which the citation was amended

could not have prejudiced him. The only argument we can ascertain from Appellant's brief that touches upon his burden of demonstrating prejudice is Appellant's bald assertion that the *ex parte* amendment of the citation at the magistrate's office evidenced "a conspiracy to find him guilty" of littering. Appellant's Brief at 7. This argument is absurd on its face, and not founded on any facts of record. Appellant neither explains why he would be targeted in such a conspiracy, nor what purpose or whose interests such a conspiracy would serve.

In any event, Officer Lucas sought to amend the citation in open court before Judge Gallo during the summary appeals proceeding. N.T., 1/21/15, at 3-4. Thus, whatever *ex parte* communication or related due process error that arose before the magistrate was not repeated and was, therefore, corrected at the summary appeals court, given that the summary appeals proceeding constituted a *de novo* trial. A *de novo* trial is not merely an appeal from a conviction before a magistrate; "'[d]e novo' review entails, as the term suggests, full consideration of the case anew. The reviewing body is in effect substituted for the prior decision maker and re[-]decides the case." **Rebert v. Rebert**, 757 A.2d 981, 984 (Pa. Super. 2000). Thus, we conclude that Appellant is not entitled to relief with respect to his first two claims.

Appellant's third claim concerns the sufficiency of the evidence.

Our standard of review of sufficiency claims is well-settled:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted).

Although Appellant lists a sufficiency claim in his statement of the questions presented, *see* Appellant's Brief at 2, we could only find two short references to this claim in the remainder of his brief. Specifically, in the section titled, "Summary of the Argument," Appellant baldly states: "There is not sufficient evidence in the record to find [A]ppellant guilty and the verdict should be set aside due to insufficient evidence to support that finding." *Id.* at 13. Subsequently, in the "Conclusion" section of his brief, Appellant baldly states: "The trial court's order finding [Appellant] guilty of violating [18 Pa.C.S. § 6501(a)(1)] should be set aside due to insufficient evidence to support that finding under the clear and convincing standard." *Id.* at 14.

Appellant's bald assertions, the complete absence of any accompanying argument, the lack of any citations to legal authorities (other than the statute at issue) and any discussion thereof, and the lack of any references to the record supporting this claim, collectively lead to our

- 8 -

conclusion that Appellant has waived this claim for our review. ***See Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant…. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.") (citation omitted)

Thus, in summary, we agree with the summary appeals court that Appellant has failed to demonstrate that he was prejudiced by the amendment to the littering citation that ostensibly occurred before the magistrate. We also conclude that Appellant has waived any sufficiency claim.

Judgment of sentence ***affirmed***.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/30/2016